**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Mohamed Saeed Mussa Kassim, *et al.*,

Plaintiffs-Petitioners,

v.

Marco Rubio, *et al.*,

Defendants-Respondents.

________________________________/

Case No. 25-11336

Judith E. Levy
United States District Judge

Mag. Judge Curtis Ivy, Jr.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [7] AND DISMISSING PETITION WITHOUT PREJUDICE [1]**

On May 7, 2025, Plaintiffs filed a petition for a writ of mandamus. (ECF No. 1.) Before the Court is Defendants' motion to dismiss. (ECF No. 7.) The motion to dismiss is fully briefed. (ECF Nos. 9, 10.) For the reasons set forth below, Defendants' motion to dismiss is granted and the Petition is dismissed without prejudice.

## I. Background

Plaintiff Mohamed Saeed Mussa Kassim is a United States citizen, and his family, the other Plaintiffs, live in Yemen and are Yemeni nationals. (ECF No. 1, PageID.1, 15–16.) Kassim is married to Plaintiff

Dalal Mahmood Ahmed Naji, and Plaintiffs M.N., S.N., and R.N., are Kassim's stepchildren and Naji's children. (*Id.* at PageID.1–2.) The family would like to live together in the United States and have taken steps to do so. In June 2021, Kassim filed Form I-130s, Petitions for Alien Relative Applications, on behalf of his family with the United States Citizenship and Immigration Services. (*Id.*; ECF No. 7-2, PageID.96–97.) Naji then filed Form DS-260s, Online Immigrant Visa and Alien Registration Applications, on behalf of her and her three children. (ECF No. 1, PageID.2, 16; ECF No. 1-2.)

On November 26, 2023, Naji and her three children were interviewed by a consular officer at the U.S. Embassy in Djibouti. (ECF No. 1, PageID.2, 16.) After this interview, their immigrant visa applications were refused. (*Id.* at PageID.2, 17; *see also* ECF No. 1-1; ECF No. 7-2, PageID.97 ("The CCD reflects that on the same date [as the consular interview], the consular officer refused all four applications under Section 221(g) of the Immigration and Nationality Act [("INA")], 8 U.S.C. §1201(g).").) Plaintiffs describe this refusal as a "temporary refusal letter under section 221(g)." (ECF No. 1, PageID.17; ECF No. 1-3.)

Although their applications were refused, Plaintiffs claim that they "have yet to receive a final adjudication of their visa applications." (ECF No. 1, PageID.2.) They state that, after the interview, "Plaintiffs were requested to provide proof of relationship between [Naji] and [Kassim], proof of [Naji's] first husband, proof of [Kassim's] first wife and proof of relationship between the children and their deceased biological father" within one year. (*Id.*; *id.* at PageID.17; ECF No. 1-3.) Plaintiffs claim that they "have fulfilled all necessary administrative requirements to obtain the immigrant visa, but Defendants have unreasonably delayed in making a final decision on Plaintiff Dalal's and [the minor Plaintiffs'] ability to immigrate to the United States, leaving the Plaintiffs in a perpetual status of administrative uncertainty." (ECF No. 1, PageID.2.) However, Plaintiffs also acknowledge that they were unable to provide "certain additional documents" because "they were irretrievably lost or destroyed during the war in Yemen." (*Id.* at PageID.17.) Plaintiffs state that they "have made every attempt to comply with Defendants' requests . . . ." (*Id.*)

According to Defendants, Plaintiffs submitted documentation to the consular officer in December 2023, and the consular officer on May 20,

2024 “determined that [the December 2023 submissions] [were] insufficient to establish the applicants’ eligibility for the visas sought” and, as such, the requests for more information “remained outstanding.” (ECF No. 7-2, PageID.97; *see also* ECF No. 10-3, PageID.125–126 (May 20, 2024 consular email stating, “[a]n officer has reviewed the submitted documents and you have not provided sufficient evidence to overcome the refusal for 221(g)”).) Defendants claim that no further submissions “have been made in response to the consular officer’s May 20, 2024 request for corrected Forms I-864,” nor have “further documentary submissions” been made regarding the relationships between the minor Plaintiffs and their biological father, between the adult Plaintiffs and their former spouses, or between the adult Plaintiffs. (ECF No. 7-2, PageID.98.) Finally, Defendants state that, on January 8, 2026, a consular officer “refused” the cases “under Section 212(f) of the INA, 8 U.S.C. §1182(f), pursuant to Presidential Proclamation 10998 ‘Restricting and Limiting the Entry of Foreign Nationals to Protect the Security of the United States.’” (*Id.*) Defendants thus state that Plaintiffs’ applications “are refused under both Section 221(g) and 212(f) of the INA.” (*Id.*)

Meanwhile, according to Plaintiffs, they have been in an "indefinite state of additional 'administrative processing' with no timeline for completion" and that they "have yet to receive a final decision on the pending visa applications." (ECF No. 1, PageID.17–18.) They argue that this delay harms them and violates the law.

As such, Plaintiffs ask that the Court issue a writ of mandamus under 28 U.S.C. § 1361 ordering Defendants to adjudicate their visa applications. (*Id.* at PageID.21–24.) Plaintiffs also argue that Defendants are violating the Administrative Procedure Act, 5 U.S.C. § 706(1)–(2), due to Defendants' failure to act on their applications. (*Id.* at PageID.24–29.)

## II. Legal Standard

Defendants move for dismissal under Federal Rules of Civil Procedure 12(b)(1). (ECF No. 7.)

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack "questions [ ] the sufficiency of the pleading." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009)). A factual

attack, by contrast, "raises a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist.'" *Wayside Church v. Van Buren Cnty.*, 847 F.3d 812, 817 (6th Cir. 2017) (quoting *Gentek*, 491 F.3d at 330). In a factual attack on subject matter jurisdiction, "no presumptive truthfulness applies to the allegations," *Gentek*, 491 F.3d at 330, and "the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

"In considering a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, a district court may consider factual matters outside the pleadings and resolve factual disputes." *Anestis v. United States*, 749 F.3d 520, 524 (6th Cir. 2014); *see also Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (stating that the court has "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts").

When a court's jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden to prove jurisdiction. *Cahoo v. FAST Enters. LLC*, 508 F. Supp. 3d 162, 174 (E.D.

Mich. 2020) ("The plaintiffs have the burden to prove the jurisdictional facts . . . ." (citing *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014))).

## III. Analysis

Defendants challenge the Court's jurisdiction on the basis of mootness. (ECF No. 7, PageID.84.) Defendants argue that Plaintiffs' claims for relief under the Administrative Procedure Act and mandamus statute are not viable because the requested actions—decisions on Plaintiffs' visa applications—were taken and Plaintiffs are not entitled to additional review of their applications. Defendants state that Plaintiffs' applications were refused under Section 221(g) of the INA on November 26, 2023, and on May 20, 2024 (ECF No. 7-2, PageID.97), before the petition was filed, and that Plaintiffs have not submitted further evidence that would warrant additional review of their applications since May 20, 2024. (*Id.* at PageID.98.) Defendants also state that, after Plaintiffs' petition was filed, Plaintiffs' applications were refused an additional time on January 8, 2026, under Section 212(f) of the INA. (*Id.*)

As an initial matter, the Court clarifies that this is an issue of not only mootness but also standing. "While standing is assessed at the outset of the litigation, a case may become moot during the course of litigation, depriving the court of jurisdiction." *Am. C.L. Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 646 (6th Cir. 2004). As such, Defendants' arguments regarding the refusal of Plaintiffs' application under Section 221(g) of the INA and Plaintiffs' failure to respond to the May 20, 2024 request for additional documents are issues of standing because they predate the filing of the petition, while the refusal of Plaintiffs' application under Section 212(f) of the INA is an issue of mootness.

Additionally, the Court clarifies that Defendants' motion to dismiss is a factual attack on jurisdiction. Plaintiffs believe that the motion to dismiss "is a facial challenge because it does not dispute the facts upon which the subject matter jurisdiction depends" and instead "questions the sufficiency of the complaint." (ECF No. 9, PageID.104.) This is not the case. Defendants argue that Plaintiffs received decisions on their visa applications and did not submit additional documents that warrant a review of their applications, and thus Plaintiffs lack standing or their claims are moot. In support of their jurisdictional challenge, Defendants

submit a Declaration by Theresa Repede, an attorney-adviser at the United States Department of State's Office of the Assistant Legal Adviser for Consular Affairs, (ECF No. 7-2), as well as other evidence. Because Defendants describe events that do not appear in the petition itself, their argument necessarily requires a showing of facts outside of the petition and, as such, is a factual attack on jurisdiction. *See Thomas v. City of Memphis*, 996 F.3d 318, 323 (6th Cir. 2021).

Importantly, Plaintiff does not submit any evidence in response to Defendants' motion to dismiss. As such, Defendants' evidence is undisputed.

"A core tenet of Article III is that 'federal courts may adjudicate only actual, ongoing cases or controversies.'" *Wilson v. Gordon*, 822 F.3d 934, 941 (6th Cir. 2016) (quoting *Kentucky v. U.S. ex rel. Hagel*, 759 F.3d 588, 595 (6th Cir. 2014)). To establish standing, Plaintiffs must show that they suffered an "injury in fact," that there is a causal connection between the injury and Defendants' conduct, and that it is likely that the injury would be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

"The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (cleaned up) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "A case becomes moot 'when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome.'" *Thomas*, 996 F.3d at 323–24 (6th Cir. 2021) (quoting *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001)). "The 'heavy burden' of demonstrating mootness falls on the party asserting it." *Id.* at 324 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

The Court finds that Plaintiffs lack standing due to the May 20, 2024 rejection under section 221(g) of the INA and their failure to submit additional documents in response to the May 20, 2024 rejection. Plaintiffs' petition seeks a writ of mandamus compelling Defendants to adjudicate Plaintiffs' visa applications, but Plaintiffs have not demonstrated a causal connection between their injury and Defendants' conduct, nor have Plaintiffs demonstrated that a writ of mandamus would redress their injury. Defendants' conduct is not the source of their

injury because Plaintiffs have received all of the decisions that they are owed by law and have not submitted additional evidence that would trigger Defendants' duty to further review their visa applications. Further, an order requiring Defendants to re-review Plaintiffs' application would be futile because Plaintiffs have not submitted the necessary documents.

First, there is no dispute that a consulate officer first rejected the applications under Section 221(g) of the INA on November 26, 2023, as is required by 22 C.F.R. § 42.81(a). (ECF No. 1, PageID.17 ("Following the interview, a consular officer issued . . . a temporary refusal letter under section 221(g) . . . ."); ECF No. 7-2, PageID.97; *see also* ECF No. 1-3 (refusal letter, stating, "You have been found ineligible for an immigrant visa under section 221(g) of the [INA] . . . .).) 22 C.F.R. § 42.81(a) sets forth,

> When a visa application has been properly completed and executed before a consular officer in accordance with the provisions of the INA and the implementing regulations, the consular officer must issue the visa, refuse the visa under INA 212(a) or 221(g) or other applicable law or, pursuant to an outstanding order under INA 243(d), discontinue granting the visa.

Here, the consular officer "refuse[d] the visa under INA . . . 221(g)." 22 C.F.R. § 42.81(a).

According to 22 C.F.R. § 42.81(e), a consular officer's refusal under 221(g) may be reconsidered under certain circumstances: "If a visa is refused, and the applicant within one year from the date of refusal adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based, the case shall be reconsidered." There is no dispute that Plaintiffs presented additional evidence to the consular officer on December 29, 2023, that the consular officer considered the additional evidence, and that, on May 20, 2024, the consular officer found that the additional evidence was insufficient to grant the visa applications. (ECF No. 7-2, PageID.97; ECF No. 10-3, PageID.125–126 ("An officer has reviewed the submitted documents and you have not provided sufficient evidence to overcome the refusal for 221(g).").) As such, 22 C.F.R. 42.81(e)'s requirements for reconsideration of refusal were also followed.

Finally, it is undisputed that Plaintiffs have not submitted additional evidence to the consular officer since the May 20, 2024 decision. (ECF No. 7-2, PageID.98; *see also* ECF No. 7-3 (parties

acknowledging that documents have not been submitted as of January 9, 2026).) 22 C.F.R. § 42.81(e) only requires reconsideration of a visa application in the event that the applicant "adduces further evidence . . . ." Plaintiffs do not identify a law or other authority that demonstrates that Defendants have a nondiscretionary duty to reconsider Plaintiffs' application despite their failure to submit additional evidence. As such, Plaintiffs do not show a causal connection between Defendants' conduct and their injury, i.e., their purported unadjudicated applications.

Plaintiffs argue that they have standing and that their claims are not moot because Defendants' rejections of their applications are "not final" and, thus, they still have standing to seek "an order compelling Defendants to complete adjudication." (ECF No. 9, PageID.106–107.) But Plaintiffs do not adequately explain why further action is required by law. "[T]he statute and regulations" identified by Plaintiffs "do not provide a 'specific, unequivocal command' that Defendants issue a final, unreviewable decision on a visa, or to conduct or complete administrative processing once a visa has been refused . . . ." *Sankari v. U.S. Dep't of State*, No. 2:24-CV-12975, 2025 WL 1550231, at *5 (E.D. Mich. May 30,

2025). Thus, "there is no action here that Defendants have unlawfully withheld or unreasonably delayed." *Id.*

Plaintiff points to the United States Department of State's Foreign Affairs Manual ("FAM"), claiming that it "makes clear that administrative processing reflects an intermediate status, not a complete adjudication." (ECF No. 9, PageID.107 (citing 9 FAM 403.10-3(B)).) The Court has reviewed that section of the FAM, and it is not clear to the Court that 9 FAM 403.10-3(B) stands for the assertion that "[a] refusal under INA § 221(g) is not a final denial" but "is an interim procedural mechanism used when a final determination of admissibility is deferred pending additional evidence, clearance, or administrative processing." (ECF No. 9, PageID.107.) And even if the FAM *did* stand for that proposition, it "does not import a duty on Defendants to conduct or conclude [Plaintiffs'] administrative processing." *Sankari*, 2025 WL 1550231, at *6 (finding that the FAM "does not carry the force of law" and thus does not create a duty for an agency to act (quoting *Aramnahad v. Rubio*, No. 24-cv-1817-MAU, 2025 WL 973483, at *7 (D.D.C. Mar. 31, 2025))).

Plaintiffs also argue that they "have submitted all documents requested of them" except for one outstanding item, DNA evidence, which "cannot be obtained without a letter from the Embassy requesting DNA testing." (ECF No. 9, PageID.103.) According to Plaintiffs, "[t]hat letter has not been issued, despite repeated requests by Plaintiff and counsel," and "Defendants cannot rely on Plaintiffs' inability to comply with a requirement that Defendants themselves have made impossible to satisfy." (*Id.* at PageID.103; *see also id.* at PageID.107–108.)

There are several issues with this argument. First, Plaintiffs have not submitted any evidence that the "only outstanding item" is the DNA evidence. In fact, the consular officer decision on May 20, 2024 indicated that there are many outstanding documentary issues. (ECF No. 7-2, PageID.97–98; *see also* ECF No. 10-3, PageID.125–126.) Second, Plaintiffs have not submitted evidence that (or otherwise explain why) DNA evidence "cannot be obtained without a letter from the Embassy." (ECF No. 9, PageID.103, 107.) Given that this is a factual attack on jurisdiction, the Court must "weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. Furthermore, Plaintiffs do not explain on what legal basis Defendants

are required to help them obtain this evidence.[1] As such, Defendants do not appear to owe Plaintiffs any additional decisions under 22 C.F.R. § 42.81(e) because further evidence has not been provided.

For these reasons, Plaintiffs have not demonstrated causation and redressability as is required for Article III standing. Plaintiffs' petition is dismissed for lack of standing.[2] Because Plaintiffs' petition is dismissed for lack of jurisdiction, the dismissal will be without prejudice. *See Bellwether Music Festival, LLC v. Acton*, No. 2:20-CV-3279, 2020 WL 3869479, at *2–3 (S.D. Ohio July 9, 2020).

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 7) is GRANTED and Plaintiffs' petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

---

[1] The Court notes that the Petition does not mention the Government's unwillingness to help them obtain DNA evidence.

[2] Defendants also argue that the January 8, 2026 rejection of the applications due to Presidential Proclamation 10998 renders this case moot. The Court will not address that argument as it finds that the May 20, 2024 determination and Plaintiffs' failure to submit additional documents are sufficient to demonstrate Plaintiffs' lack of standing.

Similarly, the Court will not consider Defendants' argument that Plaintiff's petition should be dismissed under Federal Rule of Civil Procedure 12(b)(6) as the petition must be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated: July 28, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager